Behjamih Brehher, J.
This defendant was convicted of the crime of conspiring to commit a robbery. The People contend that he should be sentenced as a second felony offender because of a conviction in 1947 while in the armed services. It is undisputed that the reviewing authority, having the power of confirmation or disapproval of court-martial proceedings (U. S. Code, tit. 10, § 1520 [Articles of War, art. 49], [1946 ed.]) approved only the finding of defendant’s guilt of the nonfelonious offense of possession of a weapon and made no mention of the other more serious finding, namely, that the defendant committed an assault by shooting an officer with a revolver. It affirmed the sentence of one year at hard labor and ultimate dishonorable discharge.
A conviction by court-martial may, of course, be considered in determining defendant’s guilt as a multiple offender (Matter of Florance v. Donovan, 307 N. Y. 705). Ordinarily, the determining factor is the material allegations in the indictment which need to be read in the light of the applicable foreign statute (People v. Olah, 300 N. Y. 96). However, reference in the case at bar to the specifications upon which the defendant was tried in the general court-martial proceeding is not helpful because they separately allege the nonfelonious offense, which was reviewed, and a felonious assault punishable under article 93 of the Articles of War (U. S. Code, tit. 10, § 1565 [1946 ed.]) which was not reviewed. Nor can the problem be resolved on the basis of a prior pleading of guilty to a felony charge (People v. Love, *402 305 N. Y. 722) because it is not at all clear upon the papers before me that the defendant did so plead. Hence the action by the reviewing authority alone must be relied upon.
The People’s principal contention is that when that authority specifically approved the finding of guilt as to possession of a weapon and ignored the finding relative to the assault charge, yet approved the sentence, this was equivalent to an approval of the findings of guilt on both charges. I cannot accept this argument and the citations offered by the People do not constitute authority therefor. The Uniform Code of Military Justice in effect in 1951 (U. S. Code, tit. 10, § 864) being ex post facto, is inapplicable to the crime herein committed in 1946. Moreover, the code provision, that approval of the sentence shall constitute an approval of the finding, is preceded by the phrase “ [u]nless he [the convening authority] indicates otherwise”. In the instant case the convening authority did indeed te indicate otherwise ” as it specifically approved the minor charge and made no mention of the major one, and it was empowered to approve the lesser offense under the 47th article of the Manual for Court-Martial, United States Army. The case of United States v. Doby (2 CMR 704), cited by the People, is of no help as it, too, makes reference to the expression “ [u]nléss he [the convening authority] indicates otherwise ”. I am thus constrained to hold that the application of the statutory construction, that the approval of a sentence shall constitute approval of the findings and sentence, is not appropriate in the case at bar.
The People’s second contention is that the sentence was so harsh as to justify the conclusion that the Reviewing Board approved the finding of guilt upon the felony charge. This is not a compelling argument. The 1928 Manual of the United States Army (pp. 99-100) provides a sentence of five years at hard labor as well as dishonorable discharge for assault with a dangerous weapon. The sentence actually imposed upon the defendant, one year and dishonorable discharge, is comparable to that for simple assault. It is, of course, pure speculation to assume that the one-year sentence, initially imposed and subequently confirmed, was due to doubt that the defendant actually fired a shot into the officer’s leg; but there is no doubt of the confirmation of the charge that the defendant had unlawfully possessed a pistol. It is thus unknown why neither the three-month sentence required for carrying a weapon nor the five-year sentence required for assault with a dangerous weapon was not imposed. In all events, the matter of the severity of the sentence or the lack of it is no guide, nor should it be. This is so even if it were a fact that there is greater uniformity of sentence by *403 military tribunals than there is by nonmilitary tribunals or that military judges do not follow our practice of varying sentences for the same crime, depending upon disclosures following conviction.
Under section 1942 of the Penal Law the burden is upon the People to establish beyond a reasonable doubt that the defendant has been convicted of a prior felony and that he is in fact a second felony offender. (People v. Reese, 258 N. Y. 89,101.) This burden of proof the People have not met. The defendant will therefore be produced for sentence as a first felony offender on the 1st day of March, 1963 at 2:00 p.m.